■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARMANDO MELO, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered May 17, 1982, convicting him of attempted criminal possession of marihuana in the first degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. This case is remitted to

the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). We agree with Criminal Term's conclusion that the physical evidence recovered from defendant's residence should not be suppressed. First, the evidence was not discovered through the exploitation of prior illegal police conduct. Although defendant was illegally arrested, the physical evidence was discovered due to surveillance of defendant's home, and was "the product of a source independent of the defendant's detention" (*People v Rogers,* 52 NY2d 527, 533, cert den 454 US 898). Second, we conclude, as did Criminal Term, that defendant's girlfriend had authority to consent to the warrantless search of defendant's apartment since she lived in the apartment with the defendant and unlocked the door with her key (see *United States v Matlock,* 415 US 164; *People v Cosme,* 48 NY2d 286; *People v Garcia,* 63 AD2d 704, 705). When she consented to the search, she was not under arrest or in custody. Only three officers were present at the time of the search and she signed two written consent forms prepared by the police officers. Although she was initially reluctant, the girlfriend did not protest or resist the search, despite the fact that the officers advised her of her right not to consent. Under the totality of all the circumstances of this case (*Schneckloth v Bustamonte,* 412 US 218, 227), we conclude that the consent of defendant's girlfriend to the search of defendant's apartment was voluntary (see *People v Gonzalez,* 39 NY2d 122, 128-130; *People v Springer,* 92 AD2d 209, 213; *People v Rivera,* 60 NY2d 910, revg 90 AD2d 778). Gibbons, J. P., Thompson, Weinstein and Brown, JJ., concur.