■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL MICHELSSON, Appellant. — Appeals by defendant (1) from a judgment of the Supreme Court, Kings County (Spodek, J.), rendered October 13, 1981, convicting him of burglary in the third degree, grand larceny in the third degree and criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence and (2) as limited by his brief, from four sentences of the same court, all imposed October 13, 1981.

Judgment and sentences affirmed.

Criminal Term properly denied suppression of physical evidence, to wit, stolen property recovered from appellant's apartment. The testimony elicited at the suppression hearing discloses that the appellant and codefendant Rhodes resided in the same apartment and that Rhodes consented to the search when he invited a detective and the complainant into his apartment.

Once inside the apartment, the stolen property was clearly visible from the vantage point at which they stood. No coercive tactics were used by the police in gaining admission to the apartment (see *People v Abrams,* 95 AD2d 155), and the People have met the burden of proving that "the consent was, in fact, freely and voluntarily given" (see *Bumper v North Carolina,* 391 US 543, 548; *People v Whitehurst,* 25 NY2d 389). Upon entering the apartment, the police were justified in seizing the stolen property in open view (see *People v Jackson,* 41 NY2d 146; *People v Brosnan,* 32 NY2d 254). Since the codefendant possessed the requisite degree of authority and control over the premises (see *People v Cosme,* 48 NY2d 286; *People v Wood,* 31 NY2d 975; *People v Melo,* 98 AD2d 754), appellant assumed the risk that he might permit the common area to be searched (see *United States v Matlock,* 415 US 164).

Appellant's challenge to the excessiveness of the sentences imposed has been considered, and has been found to be without merit. There has been no abuse of discretion by the sentencing court nor have any facts been presented which would impel this court to exercise its discretion and reduce the sentences in the interest of justice (see *People v Suitte,* 90 AD2d 80). Titone, J. P., Lazer, Mangano and Niehoff, JJ., concur.