■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH ALLEN ROSS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Goodman, J.), rendered March 22, 1984, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

We have reviewed the record of the *Huntley* hearing and conclude that the defendant's initial statements to law enforcement officials regarding the manner in which the fatal injuries were inflicted upon his wife were not the product of a custodial interrogation. The police were conducting an investi-

gation of a reported suicide and the defendant, an alleged witness who was cooperating fully with the police, did not have his freedom of action abridged in any significant way *(see, People v Rodney P.,* 21 NY2d 1, 9). That the defendant was advised of his *Miranda* rights prior to submitting to a polygraph examination, apparently out of an "excess of caution" on the part of the police *(People v Smith,* 62 NY2d 306, 312, n 2), does not preclude a finding that a reasonable man in the defendant's position, innocent of any crime, would have thought he was free to leave *(see, People v Yukl,* 25 NY2d 585, 589, *cert denied* 400 US 851; *People v Torres,* 97 AD2d 802, 804). Rather, the issuance of the warnings negated any possibility that the defendant felt compelled to submit to the polygraph test or speak to the detectives *(see, People v Oates,* 104 AD2d 907, 911; *People v Tarsia,* 67 AD2d 210; *affd* 50 NY2d 1).

It was only when the defendant admitted complicity in his wife's shooting that he was taken into custody. At that juncture, he was again apprised of his *Miranda* rights, which, the record reveals, he knowingly waived. He thereafter executed a written waiver as part of his signed confession and subsequently gave a videotaped statement to an Assistant District Attorney, in which he not only made another express waiver of his rights after having been fully apprised of them, but also verified his previous ones to the detectives. In sum, the videotaped statement, in conjunction with the testimony elicited at the hearing, demonstrates that the defendant made a knowing and intelligent waiver of his rights *(see, People v Dorsey,* 118 AD2d 653, *lv denied* 67 NY2d 1052).

The defendant's claim that his statements were the product of an overborne will *(see, People v Leonard,* 59 AD2d 1), as evidenced by the psychological pressure and coercive atmosphere to which he was subjected, must similarly be rejected. An examination of the totality of the circumstances surrounding the confession, e.g., "the duration and conditions of detention, the manifest attitude of the police toward the detainee, the existence of threat or inducement, and the age, physical state and mental state of the detainee" *(People v Leonard, supra,* at 13), provides ample support for the hearing court's conclusion that the defendant's statement was voluntary. This 37-year-old, college-educated defendant neither complained of fatigue or pain as a result of a recent knee operation nor was he subjected to coercive tactics; he was provided with food, drink and cigarettes upon request and chose to waive his rights after having been advised of them several times. He, in

fact, hastened to add to the videotaped conversation the following: "By the way, the camera's on, I signed that [written] statement without any guarantees, promises or anything else from anybody. I signed that statement of my own free will, knowing my rights, knowing or at least I believe, he explained to me, just what is going on". The statements were properly admitted in evidence at trial.

Contrary to the defendant's claim, the trial court properly admitted into evidence the videotaped conversation between himself and the Assistant District Attorney. The Assistant District Attorney's testimony that the videotape fairly and accurately reflected his entire conversation with the defendant provided a sufficient foundation for the admission of the tape into evidence (see, People v McGee, 49 NY2d 48, 60, cert denied sub nom. Waters v New York, 446 US 942; People v Barbour, 119 AD2d 584, lv denied 67 NY2d 1050).

We have examined the defendant's remaining contentions, including those asserted in his pro se supplemental brief, and find them to be either unpreserved for our review or meritless. Brown, J. P., Rubin, Kooper and Sullivan, JJ., concur.