■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN RUFFIN, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered March 4, 1986, convicting him of criminally negligent homicide and assault in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

On the morning of March 3, 1985, a police officer responded to the defendant's house in Hempstead, New York, where he discovered the defendant holding an apparently dead child. A subsequent autopsy revealed that the infant had suffered fatal injuries as a result of blows.

That afternoon two Nassau County homicide detectives were dispatched to the defendant's home to investigate the circumstances surrounding the infant's death. The defendant agreed to accompany them back to police headquarters in Mineola for questioning. Other detectives remained at the house in order to await the arrival of the defendant's girlfriend, the mother of the child, who was also a suspect.

The defendant was placed in an interview room and, after some initial questioning, denied that he had abused the child in any way. The detective advised the defendant that the Medical Examiner had determined that the infant had died as a result of blows. The detective then informed the defendant that if he had not abused the child "then possibly [his girlfriend] was involved".

At this point, the defendant covered his face with his hands and began to cry loudly for several minutes. As the defendant

was crying, the detective recited the defendant's *Miranda* rights. There is no evidence, however, that the detective obtained an acknowledgment from the defendant either that he understood those rights or that he was willing to waive them. After the detective had finished reciting the defendant's *Miranda* rights, the defendant said "don't arrest [my girlfriend] she had nothing to do with it". The defendant then went on, without further prompting, to admit that he had beaten the child, and to describe the circumstances of the beating in a lengthy narrative.

The County Court denied the defendant's motion to suppress this oral statement, finding that although the defendant had been in custody at the time that the detective made his comment about the possible involvement of the defendant's girlfriend, the defendant's subsequent statement was preceded by a valid waiver of his *Miranda* rights. We do not agree with this rationale. We recognize that a criminal suspect may be found to have effectively waived his *Miranda* rights, even in the absence of an express waiver *(North Carolina v Butler,* 441 US 369). However, such a waiver may not be found where, as in the present case, the record is utterly silent not only with respect to whether the defendant expressly waived his rights, but also with respect to whether he understood, or had even heard them *(see generally, People v Moore,* 96 AD2d 1044; *People v Campbell,* 81 AD2d 300; *People v Schroder,* 71 AD2d 907). Nevertheless, we conclude that the denial of the defendant's motion to suppress was correct, because the oral statement sought to be suppressed was not the product of a custodial interrogation.

First, we find, based on all the evidence contained in the record of the pretrial *Huntley* hearing, that the defendant was not in custody when the detective commented on the possible involvement of the defendant's girlfriend. The defendant was not in custody until he actually made his oral admissions. Prior to that time, the police considered the defendant to be as much a potential witness as a possible suspect. A reasonable person, innocent of any crime, would not have believed himself to be in custody had he been in the defendant's position at that time *(see generally, People v Yukl,* 25 NY2d 585, 589; *Matter of Kwok T.,* 43 NY2d 213, 219-220; *People v Turkenich,* 137 AD2d 363, 367; *People v Ross,* 134 AD2d 298, 299). The rule of *Miranda v Arizona* (384 US 436) does not apply to noncustodial interrogation *(see, Miranda v Arizona, supra,* at 444-445; *People v Rodney P.,* 21 NY2d 1; *People v Cerrato,* 24 NY2d 1, 8; *People v Kaye,* 25 NY2d 139, 143-144;

*People v Ross, supra).* The fact that the detective administered the *Miranda* warnings to the defendant did not, by itself, transform the defendant's status into a custodial one *(see, e.g., People v Smith,* 62 NY2d 306, 312, n 2; *People v Ross, supra).*

Second, we find, as a matter of fact, that the detective's comment concerning the possible involvement of the defendant's girlfriend was not the functional equivalent of interrogation, since it was not "reasonably likely to evoke an incriminating response from [the] suspect" *(Rhode Is. v Innis,* 446 US 291, 301; *see also, People v Huffman,* 61 NY2d 795, *affg* 92 AD2d 753; *cf., People v Ferro,* 63 NY2d 316, 322-324). As noted above, at the time that this comment was made, the defendant was not yet in custody, and was considered more as a potential witness than as a suspect. The defendant had just given a completely exculpatory statement, and the detective's comment concerning the possible involvement of the defendant's girlfriend simply reflected the detective's decision to inquire into whether the defendant might have any knowledge in that area. The comment was, at most, designed to elicit information which would incriminate a third party (the girlfriend), rather than to elicit a statement which would incriminate the defendant himself *(see also, People v Bryant,* 59 NY2d 786, *affg* 87 AD2d 873; *People v Lynes,* 49 NY2d 286, 295; *People v Maerling,* 46 NY2d 289, 302-303; *People v Ryan,* 121 AD2d 34, 62-63).

Because we find that the oral statement described above was not the product of a custodial interrogation, we also conclude that the defendant's subsequent written and videotaped confessions were properly admitted into evidence. These subsequent confessions were each preceded by a knowing and understanding waiver by the defendant of his *Miranda* rights.

We have examined the defendant's remaining contentions, and find them to be without merit. Bracken, J. P., Kunzeman, Spatt and Harwood, JJ., concur.