■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD JOHNSON, Appellant. [602 NYS2d 160] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered February 7, 1991, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In the early morning hours of November 20, 1988, the defendant's mother returned home from a party held at the home of the defendant's brother. Upon entering her apartment, she discovered her boyfriend, with whom she had lived for seven years, lying face-up in the bathtub. The victim had been stabbed about 23 times and subsequently died as a result of his wounds. Because there were no signs of forced entry in the apartment, the investigating detective believed that the victim knew the person that killed him. Eventually, the defendant became the prime suspect in the murder.

On or about November 25, 1988, the defendant was "picked

up" on a charge of violation of probation, and because he was reportedly acting irrationally when he appeared before the court, was ordered held in the psychiatric ward of Bellevue Hospital. On or about December 3, 1988, the investigating detective drove the defendant's mother and brother to Bellevue Hospital to visit the defendant. During that visit, the defendant admitted to his mother and his brother that he killed the victim. At trial, an issue arose as to whether the defendant's mother and his brother had acted as agents of the police when the defendant confessed to the killing, and therefore, whether his statement to them should be suppressed. The court held a hearing to resolve the question, but at the conclusion of the hearing, it made no factual determination on the issue.

The determinative issue to be resolved with respect to whether the defendant's statement should have been suppressed is whether or not the defendant's mother and his brother were acting as agents of the police when he confessed to the murder. It is well settled that "the constitutional protections against self-incrimination do not apply to confessions elicited by private individuals" (People v Miller, 137 AD2d 626, 628; see, People v Horman, 22 NY2d 378, cert denied 393 US 1057; People v Warren, 97 AD2d 486, appeal dismissed 61 NY2d 886). However, actions of private individuals do become subject to scrutiny for violations of constitutional limitations when those individuals act as agents of the government or when government officials participate in those actions (see, CPL 60.45 [2] [b]; People v Ray, 65 NY2d 282; People v Jones, 47 NY2d 528; People v Esposito, 37 NY2d 156; People v Warren, supra). The test is whether the private conduct of the defendant's mother and his brother became "so pervaded by governmental involvement that it los[t] its character as such and invoke[d] the full panoply of constitutional protections" (People v Ray, supra, at 286; People v Miller, supra, at 629).

Notwithstanding the allegations by the defendant's mother that the detective told her to speak with the defendant and find out what had happened in the apartment and then tell him anything the defendant told her (a claim denied by the detective), we find that the defendant failed to prove that his mother and his brother were acting as agents for the police in that instance (see, CPL 60.45 [2] [b]). Beyond the obvious interest the defendant's mother had in the outcome of the case, her testimony at the hearing was contradictory. She testified that she had telephoned the detective and told him

that she wanted to see the defendant. Further, she informed the detective that the defendant had called her and stated that he wanted to see her because things were "bothering" him. Additionally, her nephew told her that the defendant had something to tell her, which she was admittedly curious to hear. Moreover, she acknowledged that she went to visit the defendant because she suspected that he was in the apartment when the victim was killed.

In light of the foregoing, we conclude that the conduct of the defendant's mother and brother did not warrant the conclusion that they were acting as agents of the police officers investigating the murder (see, People v Jemmott, 144 AD2d 694, 695).

We have reviewed the defendant's remaining contentions, including those raised in his supplemental pro se brief, and find them to be without merit. Thompson, J. P., Eiber, Ritter and Joy, JJ., concur.