■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES LEWIS, Appellant. [709 NYS2d 572] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered July 16, 1996, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement made by him to the victim's mother.

Ordered that the judgment is affirmed.

We reject the defendant's contention that the inculpatory statement he made to the victim's mother should have been suppressed on the ground that she was acting as an agent of the police in violation of his *Miranda* rights (*see, Miranda v Arizona,* 384 US 436). "It is axiomatic that the constitutional protections against self-incrimination do not apply to confessions elicited by private individuals" (*People v Miller,* 137 AD2d 626, 628; *see also, People v Johnson,* 196 AD2d 887, 888, *affd* 84 NY2d 956). Nevertheless, when private individuals act as agents of the government or when government officials participate in those actions, the actions of the private individual may come under scrutiny (*see, People v Miller, supra*). The test is whether the private individual's conduct became "so pervaded by governmental involvement that it [lost] its character as such and invoke[d] the full panoply of constitutional protec-

tions" (*People v Ray*, 65 NY2d 282, 286; *People v Johnson, supra*, at 888).

Although it is undisputed that the victim's mother spoke with the detective assigned to the case before speaking to the defendant, the record does not support the inference that she was acting as an agent of the police when the defendant called her while he was in custody (*see, People v Del Duco*, 247 AD2d 487, 488). Her action in speaking with the defendant was neither instigated nor supervised by the police (*see, People v Duerr*, 251 AD2d 161; *People v Galloway*, 138 AD2d 735, 737). At most, the record shows generalized encouragement (*see, People v Duerr, supra*, at 162; *People v Henriquez*, 214 AD2d 485). Thus, the court did not err in denying that branch of the defendant's omnibus motion which was to suppress his statements to her.

The defendant's sentence was not excessive (*see, People v Suitte*, 90 AD2d 80).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Ritter, J. P., Thompson, S. Miller and Florio, JJ., concur.