■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL LOPEZ, Appellant. [738 NYS2d 308] —Judgment, Supreme Court, Bronx County (Harold Silverman, J., at hearing; Phylis Skloot Bamberger, J., at jury trial and sentence), rendered July 6, 1998, convicting defendant of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 25 years to life and 15 years, respectively, unanimously affirmed.

Defendant's suppression motion was properly denied. The hearing evidence established that defendant's girlfriend possessed both actual and apparent authority to consent to a search of his apartment (*see, United States v Matlock*, 415 US 164, 171; *People v Gonzalez*, 88 NY2d 289, 293-295; *People v Adams*, 53 NY2d 1), in that she, defendant, and their child were living at the one-room apartment on weekends, and the baby's clothing, carriage, and crib were in the apartment. The presence of these items clearly established that she was a resident of the apartment and not merely a regular visitor, irrespective of whether or not she had her own key.

The evidence also established that defendant's girlfriend's consent was voluntary. According to the testimony that was credited by the court, she was never arrested or handcuffed, and was free to choose not to accompany the officers to the precinct. The evidence warrants the inference that her decision to sign the consent form was motivated by her revulsion at defendant having been implicated in a murder and her desire to cooperate.

The court properly precluded defendant from eliciting hearsay evidence that a purported witness, who had given a

vague description of the assailant that was consistent with that of defendant, was unable to identify defendant (or anyone else) at a lineup. Defendant had no constitutional right to introduce this evidence (*compare, Chambers v Mississippi,* 410 US 284), since there was no showing that the evidence was reliable, or even exculpatory (*see, People v Williams,* 81 NY2d 303, 311).

Defendant's contentions concerning the court's supplemental jury instructions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal. Concur—Sullivan, J.P., Rosenberger, Rubin, Friedman and Marlow, JJ.