■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD LEGGIO, Appellant. [761 NYS2d 74] —Appeal by the defendant from a judgment of the County Court, Rockland County

(Kelly, J.), rendered January 23, 1996, convicting him of attempted rape in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the County Court properly denied that branch of his motion which was to suppress statements he made while being interviewed at the police station. It is well settled that the factual findings and credibility determinations of the hearing court are entitled to great deference on appeal, and will not be disturbed unless clearly unsupported by the record (*see People v Prochilo,* 41 NY2d 759, 761 [1977]; *People v Esposito,* 301 AD2d 660 [2003]; *People v Ellerbe,* 265 AD2d 569, 570 [1999]). Here, the uncontradicted testimony of the two police witnesses supports the determination that the defendant willingly accompanied a New York State Trooper to the police station, where he voluntarily waived his *Miranda* rights (*see Miranda v Arizona,* 384 US 436 [1966]) before making the statements he now challenges on appeal. Accordingly, the determination must be upheld (*see People v Heitman,* 282 AD2d 619, 620 [2001]).

Furthermore, the County Court providently exercised its discretion in denying the defendant's motion to withdraw his plea of guilty. The record demonstrates that the defendant knowingly, voluntarily, and intelligently pleaded guilty (*see People v Alexander,* 97 NY2d 482, 486 [2002]; *People v Telfair,* 299 AD2d 429 [2002], *lv denied* 99 NY2d 620 [2003]; *People v Rangolan,* 295 AD2d 543 [2002]; *People v Fernandez,* 291 AD2d 456 [2002]). Luciano, J.P., Adams, Townes and Crane, JJ., concur.