THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD HARRISON, Appellant. [769 NYS2d 436]—

Appeal from a judgment of Steuben County Court (Bradstreet, J.), entered April 29, 2002, convicting defendant after a nonjury trial of, inter alia, burglary in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a bench trial of, inter alia, burglary in the first degree (Penal Law § 140.30 [3]) and menacing in the second degree (§ 120.14 [1]). The conviction arose out of an incident in which defendant broke down the door of the apartment of his ex-girlfriend and assaulted her, threatening to kill her with a knife. Defendant has failed to preserve for our review his contention that the evidence is legally insufficient to support the burglary conviction because it fails to establish that he entered or remained unlawfully in the dwelling. Defendant's motion to dismiss was not "specifically directed" at that asserted deficiency in the proof (*People v Gray,* 86 NY2d 10, 19 [1995]; *see People v Hines,* 97 NY2d 56, 62 [2001], *rearg denied* 97 NY2d 678 [2001]). Further, defendant moved to dismiss only at the close of the People's case, failing to renew his motion at the close of all the proof. "[A] defendant who presents evidence after a court has declined to grant a trial motion to dismiss made at the close of the People's case waives subsequent review of that determination" (*Hines,* 97 NY2d at 61; *see People v Welch,* 307 AD2d 776, 778 [2003], *lv denied* 100 NY2d 625 [2003]; *People v Tutt,* 305 AD2d 987, 988 [2003], *lv denied* 100 NY2d 588 [2003]). In any event, we conclude that the evidence is legally sufficient to establish that defendant entered the apartment unlawfully (*see People v Plume,* 306 AD2d 916, 917 [2003]; *People v Horn,* 302 AD2d 975 [2003], *lv denied* 100 NY2d 539 [2003]; *People v Prober,* 298 AD2d 966, 967 [2002], *lv denied* 99 NY2d 538 [2002]). The verdict is not against the weight of the evidence (*see generally People v Bleakley,* 69 NY2d 490, 495 [1987]), and the sentence is not unduly harsh or severe. Present—Pine, J.P., Wisner, Hurlbutt, Kehoe and Hayes, JJ.