THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARIUS JEAN, Appellant. [786 NYS2d 564]—

Appeal by the defendant from (1) a judgment of the County Court, Rockland County (Kelly, J.), rendered November 21, 2002, convicting him of murder in the second degree, manslaughter in the first degree, assault in the second degree, assault in the third degree, and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence, and (2) a resentence of the same court imposed March 12, 2003, resentencing him on the count of manslaughter in the first degree. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement authorities.

Ordered that the judgment and resentence are affirmed.

Contrary to the defendant's contention, the County Court properly denied that branch of his omnibus motion which was to suppress his statements to law enforcement authorities. Viewing the totality of the circumstances (*see People v Casassa,* 49 NY2d 668, 681 [1980], *cert denied* 449 US 842 [1980]; *People v Anderson,* 42 NY2d 35, 38 [1977]), a reasonable person in the

defendant's position, innocent of any criminal wrongdoing, would not have believed that he was in police custody before receiving *Miranda* warnings (*see Miranda v Arizona,* 384 US 436 [1966]; *People v Yukl,* 25 NY2d 585, 589 [1969], *cert denied* 400 US 851 [1970]). The factual findings and credibility determinations of the County Court following the suppression hearing are entitled to great deference on appeal, and will not be disturbed unless clearly unsupported by the record (*see People v Prochilo,* 41 NY2d 759, 761 [1977]; *People v Leggio,* 305 AD2d 518, 519 [2003]). The evidence at the hearing established that the defendant was placed in restraints by hospital personnel for his own safety, and not for the purpose of a police interrogation (*see People v Ripic,* 182 AD2d 226, 235 [1992]). In any event, the police detective did not question the defendant about the crime until after he advised the defendant of his constitutional rights and obtained a voluntary written waiver from the defendant (*see Miranda v Arizona, supra*; *People v Lovette,* 212 AD2d 639, 640 [1995]; *People v Rose,* 187 AD2d 617 [1992]). By that time, the defendant had calmed down and gave coherent answers to the detective's questions in an effort to exculpate himself (*see People v Bongiorno,* 243 AD2d 719 [1997]; *People v Womble,* 161 AD2d 679 [1990]; *cf. People v Turkenich,* 137 AD2d 363 [1988]).

The evidence was also sufficient to establish that the defendant willingly accompanied the police to the precinct where he again voluntarily waived his *Miranda* rights (*see Miranda v Arizona, supra)* before making a further statement (*see People v Leggio, supra; see also People v Diaz,* 84 NY2d 839 [1994]).

Furthermore, the County Court correctly found that the defendant's girlfriend was not acting as an agent of the police when she spoke to the defendant before he signed a second written statement (*see People v Ray,* 65 NY2d 282, 286 [1985]). There is no evidence to demonstrate that she was acting at the instigation or under the supervision of the police (*see People v Lewis,* 273 AD2d 254, 255 [2000]; *People v Del Duco,* 247 AD2d 487, 488 [1998]; *People v Jemmott,* 144 AD2d 694, 695 [1988]; *People v Galloway,* 138 AD2d 735, 737 [1988]; *cf. People v Eberle,* 265 AD2d 881, 882-883 [1999]).

The physical evidence was properly admitted because the defendant voluntarily consented to a search of his residence (*see People v Rose, supra; People v Auxilly,* 173 AD2d 627, 628 [1991]; *People v Zimmerman,* 101 AD2d 294, 297 [1984]), as did his girlfriend (*see People v Cosme,* 48 NY2d 286, 291-293 [1979]; *People v Lopez,* 291 AD2d 279 [2002]; *People v Melo,* 98 AD2d 754, 755 [1983]).

The defendant's claim that the jury verdict was inconsistent (*see* CPL 300.30 [5]) is unpreserved for appellate review (*see People v Alfaro,* 66 NY2d 985, 987 [1985]; *People v Skeeters,* 180 AD2d 834 [1992]). In any event, the verdict was not inconsistent (*see* Penal Law § 125.20 [4]; § 125.25 [2]; *People v Trappier,* 87 NY2d 55, 58-59 [1995]; *People v Taylor,* 169 AD2d 743, 744-745 [1991]; *People v Rivera,* 59 AD2d 675 [1977] [Silverman, J., concurring]; *see also People v Payne,* 3 NY3d 266 [2004]; *People v Poplis,* 30 NY2d 85 [1972]; *cf. People v Gonzalez,* 1 NY3d 464, 468 [2004]; *People v Gallagher,* 69 NY2d 525, 529-530 [1987]; *People v Robinson,* 145 AD2d 184, 185 [1989], *affd* 75 NY2d 879 [1990]).

Any prejudice to the defendant resulting from the County Court's improper pretrial instruction was obviated by the final charge given to the jury at the trial (*see People v Valdes,* 283 AD2d 187 [2001]; *People v Simon,* 224 AD2d 458, 459 [1996]).

The defendant's trial attorney provided meaningful representation (*see People v Harris,* 99 NY2d 202, 210 [2002]; *People v Benevento,* 91 NY2d 708, 714 [1998]; *People v Baldi,* 54 NY2d 137, 146-147 [1981]; *People v Corona,* 173 AD2d 484, 485 [1991]; *cf. People v Wandell,* 75 NY2d 951, 952 [1990]).

The defendant's remaining contentions are without merit. H. Miller, J.P., Goldstein, Crane and Skelos, JJ., concur.