■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNELL JORDAN, Appellant. [800 NYS2d 33]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered May 13, 2003 convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the County Court properly denied that branch of his omnibus motion which was to suppress his statements to law enforcement authorities (*see Miranda v Arizona,* 384 US 436 [1966]; *People v Jean,* 13 AD3d 466 [2004]). The evidence was sufficient to establish that the defendant willingly accompanied Town of Poughkeepsie Police Department detectives to the station house where he voluntarily waived his *Miranda* rights (*see Miranda v Arizona, supra*) before making his incriminating statements (*see People v Leggio,* 305 AD2d 518 [2003]).

Furthermore, although the defendant was represented by counsel on a prior unrelated charge at the time he was brought in for questioning, he was not in custody on that charge at the time of the interview. A defendant who is not in custody on the prior matter in which he is represented is free to waive his right to counsel for questioning on the new charge (*see People v Burdo,* 91 NY2d 146 [1997]; *People v Steward,* 88 NY2d 496 [1996];

*People v Bing,* 76 NY2d 331 [1990]). It is the defendant, not counsel on the prior matter, who decides whether or not to invoke the defendant's right to counsel (*see People v Bing, supra*).

The defendant's remaining contention is without merit. Schmidt, J.P., Santucci, Luciano and Spolzino, JJ., concur.