Ordered that the judgment and the order are affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

We reject the defendant's contention that a reversal of his conviction is required because, during its preliminary charge, the trial court read the indictment to the jury (*see People v Harper,* 32 AD3d 16 [2006] [decided herewith]).

The defendant received the effective assistance of counsel (*see People v Benevento,* 91 NY2d 708 [1998]).

The defendant's contentions that he was denied his right to be present at certain sidebar conferences are either unreviewable (*see People v Mauleon,* 266 AD2d 66, 66-67 [1999]), or without merit since the proceedings at issue involved only questions of law or procedure (*see People v Rodriguez,* 85 NY2d 586, 590-591 [1995]).

The defendant's contention that unspecified "cumulative errors" that allegedly occurred at trial require the reversal of his conviction is unpreserved for appellate review. Miller, J.P., Santucci, Rivera and Lifson, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YVETTE DOWLING, Appellant. [815 NYS2d 489]—Appeal by the defendant from a judgment of the County Court, Nassau County (Berkowitz, J.), rendered June 4, 2004, convicting her of grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.05 [5]).

The defendant's contention that she was denied the effective assistance of counsel is without merit (*see People v Benevento,* 91 NY2d 708, 712 [1998]; *People v Baldi,* 54 NY2d 137 [1981]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit (*see People v Albert,* 85 NY2d 851 [1995]; *People v Daddona,* 81 NY2d 990, 992 [1993]; *People v Ray,* 65 NY2d 282, 286 [1985]; *People v Lewis,* 273 AD2d 254, 254-255 [2000]). Adams, J.P., Santucci, Goldstein and Fisher, JJ., concur.