THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH MARTIN, Appellant. [890 NYS2d 646]—

The defendant's contention that the evidence was legally insufficient to support his conviction of manslaughter in the first degree, including disproving his defense of justification, is unpreserved for appellate review (*see* CPL 470.05; *People v Hawkins,* 11 NY3d 484, 491-492 [2008]; *People v Gray,* 86 NY2d 10, 20-21 [1995]; *People v Clinton,* 268 AD2d 531 [2000]; *People v Vella,* 247 AD2d 642, 642-643 [1998]), and we decline to review it in the exercise of our interest of justice jurisdiction. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,*

9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt of manslaughter in the first degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the evidence was legally insufficient to support his conviction on one of the counts of burglary in the second degree is also unpreserved for appellate review (*see* CPL 470.05; *People v Hawkins*, 11 NY3d at 491-492; *People v Gray*, 86 NY2d at 20-21; *People v Harrison*, 2 AD3d 1454, 1455 [2003]), and we decline to review it in the exercise of our interest of justice jurisdiction. Upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt on that count was not against the weight of the evidence (*see People v Romero*, 7 NY3d at 633; *People v Burnett*, 205 AD2d 792 [1994]).

Contrary to the defendant's contention, his statements to law enforcement officials were properly admitted into evidence. There is sufficient evidence to support the hearing court's conclusion that the defendant was not in police custody when he voluntarily accompanied police personnel to the police station (*see People v Yukl*, 25 NY2d 585, 589 [1969], *cert denied* 400 US 851 [1970]; *People v Jordan*, 21 AD3d 385 [2005]; *People v Leggio*, 305 AD2d 518 [2003]; *People v Centano*, 153 AD2d 494, 495 [1989], *affd* 76 NY2d 837, 838 [1990]; *People v Bailey*, 140 AD2d 356 [1988]). Additionally, after the defendant was advised of, and waived, his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]), additional warnings were not necessary, as he remained in continuous custody (*see People v Petronio*, 34 AD3d 602, 604 [2006]; *People v Glinsman*, 107 AD2d 710 [1985], *cert denied* 472 US 1021 [1985]). Furthermore, based on the totality of the circumstances (*see People v Anderson*, 42 NY2d 35 [1977]), including the duration and conditions of the defendant's detention, the conduct and demeanor of the police toward the defendant, and the age, physical state, and mental state of the defendant (*see People v Baker*, 208 AD2d 758 [1994]; *People v McAvoy*, 142 AD2d 605 [1988]; *People v Ross*, 134 AD2d 298, 299-300 [1987]), the defendant's post-*Miranda* statements were voluntarily given. The County Court found that the defendant did not invoke his right to counsel before making statements to the police, and there is no basis to disturb that credibility determination (*see People v Tissiera*, 22 AD3d 611, 611-612 [2005]).

The defendant's remaining contention is unpreserved for appellate review, and we decline to review it in the exercise of our interest of justice jurisdiction (*see People v Morey*, 224 AD2d 730, 731 [1996]). Covello, J.P., Santucci, Chambers and Hall, JJ., concur.