Jean v. Greene

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 15th day of April, two thousand thirteen.

Present:
> JOHN M. WALKER, JR.,
> ROBERT A. KATZMANN,
> GERARD E. LYNCH,
> _Circuit Judges_.

---

DARIUS JEAN,

> _Petitioner-Appellant_,

> v.                                             No. 12-203

GARY GREENE, Warden,

> _Respondent-Appellee_.

---

| | |
|---|---|
| For Petitioner-Appellant: | JONATHAN I. EDELSTEIN, Edelstein & Grossman, New York, NY |
| For Defendant-Appellant: | CARRIE A. CIGANEK, Senior Assistant District Attorney, _for_ Thomas P. Zugibe, District Attorney, Rockland County, New City, NY |

Appeal from the United States District Court for the Southern District of New York (Wood, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner-Appellant Darius Jean appeals from a December 15, 2011 judgment of the United States District Court for the Southern District of New York (Wood, *J.*), denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Jean is currently serving a sentence of twenty-five years to life after being convicted by a jury in New York's Rockland County Supreme Court of, *inter alia*, depraved indifference murder pursuant to N.Y. Penal Law § 125.25[2], for beating his stepdaughter to death. By order dated April 26, 2012, we granted Jean's motion for a certificate of appealability on his claim that the trial court's jury instructions on reasonable doubt violated the Due Process Clause of the Fourteenth Amendment, thereby rendering his conviction invalid. We presume the parties' familiarity with the facts and procedural history of this case, and recite only those facts that are necessary to explain our decision.

This Court reviews a district court's denial of a section 2254 petition *de novo*. *Hawkins v. Costello*, 460 F.3d 238, 242 (2d Cir. 2006). Before trial began, the trial court instructed the jury, *inter alia*, as follows:

> I touched upon the concept of reasonable doubt to prove the Defendant of guilt beyond a reasonable doubt. It's little bit different than what the applicable standard of proof is in a civil case and some of you have sat on civil cases. The people are not required to prove -- parties are not required to prove their case beyond a reasonable doubt as the People are in a criminal case. In order for a party to prevail in a civil case it's sufficient if one of the parties prove -- the operative burden of proof would be proof by a mere preponderance. If one of the parties have proved, as opposed to the criminal case, that party wins to the mathematical percent of 51 percent or the credibility of evidence as opposed to 49 percent, that's the only burden you have to

2

meet. When somebody is suing in a criminal case it's proof beyond a reasonable doubt. What is that? I said to you in a civil case it's 51 percent. *Proof beyond a reasonable doubt is somewhere on the con[t]in[u]um between 51 and 100 percent, and where that is only the juror knows, you make that determination.* It's not proof beyond all doubt which would be 100 percent. You can't get that type of proof in a human affairs. If the law requires guilt 100 percent every case would be an acquittal. You can't get that type of proof when dealing with a human being. The People and the law does have to prove a person's guilt beyond a reasonable doubt. *It's higher than 51 percent and something less than 100 percent.* Proof beyond a reasonable doubt that's a constant. I will explain that in more detail at the end of the case. Suffice it to say at this time if the juror is convinced that a Defendant's guilt has not been proven beyond a reasonable doubt then a juror could give a reason if called to do so and that reason is based upon the evidence or the lack of evidence, then the Defendant is entitled to an acquittal. On the other hand if the District Attorney has proved beyond a reasonable doubt, you are entitled to vote for the conviction of the Defendant. The difference between the criminal and the civil case is the civil case is proved by a mere preponderance. To mathematize it, it is 51 percent that suffices. In a criminal case the operative word is greater, it's not a mere preponderance it's proof beyond a reasonable doubt.

Appellant's App'x 3–5 (emphases added).

Following this instruction, defense counsel objected and moved for a mistrial. The trial court denied the motion for a mistrial, and instead gave the jury the following "clarification":

By the way someone expressed some concern to me this morning the fact when I illustrated the burden of proof in a criminal and civil case. I used an example mathematical. I am going to hopefully clarify something I said. In a civil case where a mere preponderance is 51 percent is enough and I went onto say in a criminal case is not a mere preponderance but a proof beyond a reasonable doubt and *I said it appears somewhere between 51 percent and 100 percent and the purpose is not to suggest that 53 or 58 percent but it was more than 51 percent and something less than 100 percent*, but the standard being proved is beyond a reasonable doubt. There was no total quantification for the purpose of indicating a number, but to merely indicate it was a greater standard of proof in a criminal case but something less than mathematical certainty. If there was any confusion which I doubt because conceptually I explained it at some length. If there was hopefully that would clarify it.

*Id.* 8–9 (emphasis added).

3

At the close of evidence, the trial court instructed the jury on reasonable doubt using a conventional pattern instruction. Prefacing that charge, the trial court said, "I mentioned to you reasonable doubt several times, and I gave you a preliminary explanation. I'll do it in a little more detail right now." *Id.* 11. The final charge's explanation of reasonable doubt explained, *inter alia*, that:

> A reasonable doubt means a doubt arising from the evidence or lack of evidence in the case. It does not mean guesswork or surmise or speculation . . . . It is such a doubt as reasonable men and woman may entertain after a careful and honest review and consideration of all the evidence in the case. It must be founded in reason and survive the test of reasonable examination. A reasonable doubt differs from an imaginary, unsubstantial doubt. It is such a doubt as honest, conscientious, painstaking men and women may entertain after the careful review and consideration of all the evidence in the case.
>
> The expression reasonable doubt does not mean proof, does not mean that the People must prove their case beyond all doubt or any doubt or to a mathematical certainty. That would be quite impossible, and the law makes no such requirement. The law says that the defendant is entitled to the benefit of a reasonable doubt, not all or any doubt. . . . [B]y way of illustration a reasonable doubt is one for which you could give a reason if you were called upon to do so, and that reason should arise out of the evidence or lack of insufficiency of evidence in the case.
>
> The proof must be sufficient to satisfy you and your fellow jurors['] consciences so that you believe that the defendant committed the crimes charged and/or crime charged and that no other reasonable conclusion is possible. The doctrine of reasonable doubt applies not only on the whole case but also as to each and every material element necessary to constitute each crime charged. As I explained to you, I will break it down into the elements. If you have a reasonable doubt on any material element of the crime or crimes charged, the defendant is entitled to the benefit of that doubt and consequently to acquittal of that crime or crimes. It is your duty to weigh and analyze the evidence, and in so doing if you find something in the evidence or a failure of the evidence which causes you to have a reasonable doubt as to the guilt of the defendant, it is your duty to give the defendant the benefit of that doubt and acquit him on that crime or crimes. On the other hand, if you do not have a reasonable doubt, conversely it is your duty to convict the defendant of that crime or crimes.

*Id.* 11–13.

4

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt." *In re Winship*, 397 U.S. 358, 364 (1970). A verdict founded upon an improper reasonable doubt charge is not a legitimate jury verdict under the Sixth Amendment. *Sullivan v. Louisiana*, 508 U.S. 275, 277-78 (1993). But because no particular form of words is required to give an adequate reasonable doubt charge, *see United States v. Sogomonian*, 247 F.3d 348, 351 (2d Cir. 2001) (per curiam), a jury instruction will be deemed constitutionally deficient only if there is a "reasonable likelihood that the jury understood the instructions to allow conviction based on proof insufficient to meet the [reasonable doubt] standard," *Victor v. Nebraska*, 511 U.S. 1, 6 (1994); *accord Vargas v. Keane*, 86 F.3d 1273, 1278 (2d Cir. 1996) (framing question as whether instruction "raise[ed] the quantum of doubt necessary for acquittal or shift[ed] the burden of proof away from the prosecution"); *Chalmers v. Mitchell*, 73 F.3d 1262, 1267 (2d Cir. 1996). In evaluating whether a reasonable doubt charge violates due process, we consider the effect of the questioned language on the jury in light of the charge as a whole, and do not focus on a single portion of the instructions to the exclusion of all others. *Victor*, 511 U.S. at 16-17; *accord Chalmers*, 73 F.3d at 1267. Thus, even when a charge includes a misstatement of the government's burden, a subsequent correct statement may obviate any constitutional error by clarifying the requisite burden of proof such that there is no reasonable likelihood of juror misunderstanding. *See Middleton v. McNeil*, 541 U.S. 433, 437-38 (2004).

Because the New York Appellate Division adjudicated Jean's challenge to the jury instruction on the merits in reviewing his conviction on direct appeal,[1] our power to issue habeas

---

[1] An "adjudication on the merits" is one that "(1) disposes of the claim 'on the merits,' and (2) reduces its disposition to judgment." *Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir. 2001) (quoting 28 U.S.C. § 2254(d)(1)).

corpus is constrained by the relevant provisions of the Antiterrorism and Effective Death Penalty

Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d). *See Dallio v. Spitzer*, 343 F.3d 553, 559-60 (2d

Cir. 2003). Under AEDPA, the deference we ascribe to the determination of the state court is

"high[]," and we must give the state court's decision "the benefit of the doubt." *Cullen v.*

*Pinholster*, 131 S. Ct. 1388, 1398 (2011) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)

(per curiam)). Even where the state court does not explain its decision, the petitioner still bears

the burden of showing that "there was no reasonable basis for the state court to deny relief."

*Harrington v. Richter*, 131 S. Ct. 770, 784 (2011). We may grant habeas relief only if the

petitioner can establish that the state court's rejection of his claim was "contrary to, or involved

an unreasonable application of, clearly established Federal law, as determined by the Supreme

Court of the United States." 28 U.S.C. § 2254(d)(1). "Clearly established Federal law" means

the holdings of the Supreme Court, not dicta. *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

A state court decision is "contrary to" federal law "if the state court arrives at a

conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state

court decides a case differently than [the Supreme] Court has on a set of materially

indistinguishable facts." *Id.* at 412-13. A decision is an "unreasonable application" of clearly

established law if the state court "identifies the correct governing legal principle from [the

Supreme] Court's decisions but unreasonably applies that principle to the facts of [a] prisoner's

case." *Id.* at 413. To show that the state court "unreasonably applied" Supreme Court precedent,

the petitioner "must show that the state court's ruling on the claim being presented in federal

court was so lacking in justification that there was an error well understood and comprehended

in existing law beyond any possibility for fair minded disagreement." *Harrington*, 131 S. Ct. at

786-87. The Supreme Court has stated that the scope of the reasonableness inquiry is guided by

6

the specificity of the rule at issue, and that specific rules of law leave less room for reasonable judgment than more broadly drawn rules. *See Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004).

In this appeal, Jean argues that the Appellate Division's ruling was contrary to the Supreme Court's ruling in *Sullivan v. Louisiana* or was otherwise an "unreasonable application" of that precedent. In *Sullivan*, the Supreme Court held that a constitutionally deficient reasonable doubt instruction is not amenable to harmless error analysis and requires reversal of conviction. 508 U.S. at 280-81. Jean's argument is unavailing because the Appellate Division did not apply harmless error analysis. Rather, it found no constitutional infirmity in the trial court's instruction. The Appellate Division ruled that "[a]ny prejudice to the defendant resulting from the [trial court's] improper pretrial instruction was obviated by the final charge given to the jury at the trial." *People v. Jean*, 13 A.D.3d 466, 468 (2d Dep't 2004), *lv. denied*, 5 N.Y.3d 764 (2005), *reconsid. denied*, 5 N.Y.3d 807 (2005). Thus, the Appellate Division applied the Supreme Court's instruction that a reviewing court should determine whether the jury charge, "as a *whole*," is constitutional, *Victor*, 511 U.S. at 16-17 (emphasis added); *accord Chalmers*, 73 F.3d at 1267, and it concluded that the charge in this case was.

We must therefore determine whether the Appellate Division's ruling that the jury charge was constitutional was involved an unreasonable application of Supreme Court precedent. As the district court in this case found, the relevant precedent is *Victor v. Nebraska*, which established that a jury charge, read as a whole, is unconstitutional only if "there is a reasonable likelihood that the jury understood the instructions to allow conviction based on proof insufficient to meet the [reasonable] doubt standard," 511 U.S. at 6.

7

Taken in isolation, the trial court's initial description of the standard of proof of beyond a reasonable doubt as "higher" or "greater" than "51 percent and something less than 100 percent" was erroneous under *Victor* because it did not "impress[] upon the factfinder the need to reach a subjective state of near certitude of the guilt of the accused," *id.* at 15. In its subsequent attempt at clarification, the trial court retreated from the percentage range formulation by noting that there is "no total quantification" for the proper standard and reiterating the need for proof "beyond a reasonable doubt" without giving a new explanation of what those operative words mean. The proper qualitative description of the reasonable doubt standard came two weeks later when the jury received its final instructions before deliberations.

Taken as a whole, the jury instructions in this case began with an incorrect articulation of the reasonable doubt standard, which was then partially retracted without being completely corrected, and eventually was followed by the correct standard. If this were a direct appeal, we are not certain that we would hold that the trial court's final instruction obviated the misinformation conveyed to the jury in the initial instruction, rendering the instruction as a whole no longer constitutionally defective. But this is not a direct appeal.

The Supreme Court has consistently chastised the federal courts of appeal for failing to give proper deference to state court adjudications of habeas petitioners' claims. *See*, *e.g.*, *Cavazos v. Smith*, 132 S. Ct. 2, 7 (2011) (reasserting "the necessity of deference to state courts in § 2254(d) habeas cases"). On a standard as high as showing that "the state court ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement," *Harrington*, 131 S. Ct. at 786-87, we cannot conclude that the Appellate Division unreasonably applied the limited Supreme Court precedent applicable to this case. *See Cullen*, 131 S. Ct. at 1398 ("This is a difficult to meet, and

8

highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.") (internal quotation marks and citations omitted).

Since the Supreme Court adopted in *Victor* the "reasonable likelihood" test for determining whether a reasonable doubt instruction violates the Due Process Clause, it has never found a definition of reasonable doubt unconstitutional. Moreover, it held in *Victor* that a charge with objectionable language can be cured with an instruction that appropriately defines and contextualizes the erroneous language. 511 U.S. at 16. It was not unreasonable for the Appellate Division to conclude that, even if the trial court's preliminary instruction likely left the jury understanding that the government's burden was something less than required by the reasonable doubt standard, the lengthy proper charges at the end of the trial foreclosed that likelihood by explaining to the jurors that, in deciding where on the continuum reasonable doubt fell, they had to hew to the constitutional definition of what reasonable doubt is. Moreover, two weeks' time separated the preliminary and final jury charges, and the Appellate Division could reasonably have concluded that the correct instruction on the reasonable doubt standard in the latter was more likely to have remained firmly in the jurors' minds during their deliberations.

We conclude that the state appellate court's determination, that the troubling preliminary instruction did not so infect the instructions as a whole that they violated due process, was not contrary to or an unreasonable application of Supreme Court precedent. Accordingly, we cannot conclude that the Appellate Division's determination that the final charge "obviated" the error unreasonably applied the relevant standard, namely whether there was a "reasonable likelihood" that the jury understood the instructions as defining a higher quantum of doubt than is permitted under the Due Process Clause. *See Harrington*, 131 S. Ct. at 786-87; *Victor*, 511 U.S. at 6.

9

We have considered all of the petitioner's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk