■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE JAMES, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Marano, J.), rendered November 27, 1979, convicting him of burglary in the third degree, criminal possession of stolen property in the second degree, grand larceny in the third degree, and possession of burglar's tools, after a nonjury trial, and imposing sentence. Judgment affirmed. Before trial a suppression hearing was held to determine whether defendant's initial arrest and the consequent seizure of the television set he stole from the complainant's apartment were lawful. Defendant argues that the court erred

by failing to make findings of fact at the conclusion of the hearing as required by CPL 710.60 (subds 4, 6). The court's omission does not require reversal where, as here, this court can make the necessary findings based on the record of the hearing (see *People v Acosta,* 74 AD2d 640; *People v Cruz,* 65 AD2d 558). At the suppression hearing, the arresting officer testified that the complainant told him that a 20- to 25-year-old black male, wearing dark clothing had stolen a 10-inch General Electric color television set from her apartment. Approximately a block and a half from the complainant's apartment building the officer came upon the defendant, who answered the description, balancing a television set against a gypsy cab with his left hand and holding a screwdriver in his right hand. Defendant was attempting to put the television set in the cab. When the officer came upon him, defendant attempted to throw the screwdriver under the vehicle. The television set matched the description the complainant had given the police officer. We find the officer's testimony to be credible, and conclude that at that juncture he and his partner had probable cause to arrest the defendant. The court also erred by not notifying defense counsel before summation that it would consider burglary in the second degree (CPL 320.20, subd 5). Such error was harmless since the prosecutor urged the court to consider the lesser included offense and the defendant had the opportunity to respond and make a full and effective summation (see *People v Vicaretti,* 54 AD2d 236, 250; *People v Jack,* 85 Misc 2d 299). We have examined defendant's remaining contentions and find them to be entirely without merit. Lazer, J. P., Gibbons, Weinstein and Niehoff, JJ., concur.