■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALIK MATTHEWS, Appellant. [635 NYS2d 519] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lewis, J.), rendered November 15, 1993, convicting him of manslaughter in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In challenging his conviction, the defendant contends that the prosecution's witnesses should not have been believed by the jury. The defendant further asserts that his defense of justification was not disproved by the People. However, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The Supreme Court's failure to set forth its findings at the conclusion of the *Huntley* hearing does not require reversal because this Court can make the necessary findings based on the record of the hearing (see, People v Scott, 168 AD2d 523; People v James, 93 AD2d 893). To this end, the record discloses that the hearing court properly admitted the defendant's statement into evidence because under the totality of the circumstances it was not involuntarily obtained.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Pizzuto, Santucci and Joy, JJ., concur.