■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL McCOY, Appellant. [727 NYS2d 133] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered January 5, 1999, convicting him of murder in the second degree and robbery in the first degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements he made to law enforcement authorities.

Ordered that the judgment is modified, on the law, by providing that the term of imprisonment imposed on the conviction for robbery in the first degree under the fourth count of the indictment shall run concurrently with the term of imprisonment imposed on the conviction of murder in the second degree (felony murder) under the second count of the indictment; as so modified, the judgment is affirmed.

The hearing record supports the conclusion that the defendant's statements, both written and videotaped, which he made to law enforcement authorities did not result from any coercive police strategy or trickery (*see, People v Holland,* 268 AD2d 536; *People v Matthews,* 222 AD2d 457). There is no merit to the defendant's contention that the statements he made to law enforcement authorities were involuntary. It is undisputed that the defendant was not threatened, abused, or otherwise

mistreated by the police (*see, People v Miller,* 268 AD2d 600, 601). There is no evidence that the defendant requested an attorney at any time, that he was deprived of food or drink, or that he was subjected to persistent and overbearing interrogation or deception so fundamentally unfair as to deny him due process (*see, People v Miller, supra; People v Padilla,* 133 AD2d 353, 354). Rather, the record establishes that the defendant was given his *Miranda* rights (*see, Miranda v Arizona,* 384 US 436), three times and voluntarily waived them prior to making all of his written and videotaped statements (*see, People v Miller, supra; People v Padilla, supra*).

Viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80). However, the sentence imposed on the conviction of robbery under the fourth count of the indictment should run concurrently with the sentence imposed on the conviction of murder in the second degree (felony murder), under the second count of the indictment since the robbery constituted the felony element of the felony murder offense (*see,* Penal Law § 70.25 [2]; *People v Meehan,* 229 AD2d 715, 718). Accordingly, the sentence is modified to that extent.

The defendant's remaining contentions are either unpreserved for appellate review (*see,* CPL 470.05 [2]) or without merit. O'Brien, J. P., Ritter, Altman and Schmidt, JJ., concur.