■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTINA SANABRIA, Appellant. [861 NYS2d 359]—

Appeal by the defendant from a judgment of the County

Court, Dutchess County (Dolan, J.), rendered June 15, 2007, convicting her of assault in the first degree and assault in the second degree (two counts), upon her plea of guilty, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress her statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant pleaded guilty to assault charges in connection with the multiple, extensive, and disfiguring injuries she inflicted on her infant daughter beginning when the child was only three months old. The defendant's current challenge to the sufficiency of her plea allocution is not preserved for appellate review because she did not move to withdraw her plea and because her recitation of the facts during her allocution did not cast significant doubt on her guilt or otherwise call into question the voluntariness of her plea (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Elcine*, 43 AD3d 1176, 1177 [2007]; *People v Nash*, 38 AD3d 684 [2007]; *People v Burgess*, 21 AD3d 904 [2005]). In any event, the facts admitted in the allocution were sufficient to support the defendant's guilty plea (*see People v Seeber*, 4 NY3d 780 [2005]).

The defendant's contention that she was denied the effective assistance of counsel is without merit. In moving to suppress the defendant's statements to the police, defense counsel argued that suppression was required both because the defendant's right to counsel had indelibly attached when the Family Court issued an order of protection against her, and because the police prevented the father of the defendant's child from communicating with or seeing the defendant before she made the statements. The County Court correctly denied the motion (*see People v Crimmins*, 64 NY2d 1072, 1073 [1985]; *People v Smith*, 62 NY2d 306, 309 [1984]; *People v Myers*, 17 AD3d 699, 700 [2005]), and properly did so without a hearing (*see* CPL 710.60 [3] [a]; *cf. People v Marquez*, 246 AD2d 330, 331 [1998]). The defendant nevertheless argues that counsel was ineffective for failing to move to suppress the statements on the ground that they were involuntary. Specifically, she cites information provided by the prosecution that, before she made inculpatory statements, the interrogating officers told her that Child Protective Services would have to remove her son from her house unless they could determine exactly what happened to her infant daughter.

"A defendant is not denied effective assistance of trial counsel merely because counsel does not make a motion or argument

that has little or no chance of success" (*People v Stultz*, 2 NY3d 277, 287 [2004]; *see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Georgiou*, 38 AD3d 155, 161 [2007]). In interrogating a suspect, police may employ stratagems including misrepresentations, provided only that the deception is not so fundamentally unfair as to deny due process or raise the danger that it will induce a false confession (*see People v Tarsia*, 50 NY2d 1, 11 [1980]; *People v Sobchik*, 228 AD2d 800, 802 [1996]). Here, the statement by the interrogating officers that Child Protective Services would have to remove her son from her house unless they could determine exactly what happened to the infant was not untrue, much less so fundamentally unfair as to deny the defendant due process or raise the danger that she would falsely confess. The defendant was in custody for grievously abusing her infant daughter and Child Protective Services already had obtained from the Family Court an order of protection directing the defendant to stay away from her home and her children. Accordingly, any motion to suppress the statements on the ground that they were involuntary owing to the comments of the police would have had little or no chance of success, and therefore, counsel's failure to make such a motion did not render his otherwise fully competent representation constitutionally deficient.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Fisher, J.P., Carni, McCarthy and Belen, JJ., concur.