■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO PEGUES, Appellant. [873 NYS2d 160]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Sullivan, J.), rendered January 26, 2007,

convicting him of murder in the second degree, burglary in the second degree (two counts), tampering with physical evidence (two counts), and petit larceny (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Kase, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's contention that the People failed to disprove his defense of justification beyond a reasonable doubt is unpreserved for appellate review since he never moved in the trial court for dismissal on this ground (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10 [1995]; *People v Clinton*, 268 AD2d 531 [2000]; *People v Vella*, 247 AD2d 642 [1998]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to disprove his defense of justification and establish his guilt of murder in the second degree beyond a reasonable doubt. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, his statements to law enforcement officials were properly admitted into evidence. There is sufficient evidence to support the hearing court's conclusion that the defendant was not in police custody when he voluntarily accompanied police personnel to the police station (*see People v Yukl*, 25 NY2d 585, 589 [1969], *cert denied* 400 US 851 [1970]; *People v Jordan*, 21 AD3d 385 [2005]; *People v Leggio*, 305 AD2d 518 [2003]; *People v Centano*, 153 AD2d 494 [1989], *affd* 76 NY2d 837, 838 [1990]; *People v Bailey*, 140 AD2d 356 [1988]). Additionally, after the defendant was advised of, and waived, his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]), additional warnings were not necessary, as he remained in continuous custody (*see People v Glinsman*, 107 AD2d 710 [1985], *cert denied* 472 US 1021 [1985]). Furthermore, based on the totality of the circumstances (*see People v Anderson*, 42 NY2d 35 [1977]), including the duration and conditions of detention, the conduct and demeanor of the police toward the

defendant, and the age, physical state, and mental state of the defendant (*see People v Baker*, 208 AD2d 758 [1994]; *People v McAvoy*, 142 AD2d 605 [1988]; *People v Ross*, 134 AD2d 298, 299 [1987]), the defendant's post-*Miranda* statements were voluntarily given.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Skelos, J.P., Santucci, Balkin and Eng, JJ., concur.