THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN GREEN, Appellant. [900 NYS2d 397]—Appeal by the defendant from a judgment of the County Court, Orange County (De Rosa, J.), rendered October 23, 2007, convicting him of murder in the first degree (two counts), robbery in the first degree (four counts), criminal possession of a weapon in the second degree (two counts), and conspiracy in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officers.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, based on the totality of the circumstances (*see People v Anderson*, 42 NY2d 35, 35-39 [1977]), including the duration and conditions of his detention, the conduct and demeanor of the police toward him, and his age, physical state, and mental state (*see People v Martin*, 68 AD3d 1015 [2009]; *People v Pegues*, 59 AD3d 570, 571-572 [2009]; *People v Petronio*, 34 AD3d 602, 604 [2006]), the defendant's post-*Miranda* (*see Miranda v Arizona*, 384 US 436 [1966]) statements were voluntarily given. Moreover, the deception employed here by law enforcement officers was neither "so fundamentally unfair as to deny due process," nor did it raise the danger that it would induce a false confession (*People v Tarsia*, 50 NY2d 1, 11 [1980]; *see People v Sanabria*, 52 AD3d 743, 745 [2008]; *People v Ingram*, 208 AD2d 561 [1994]; *People v James*, 146 AD2d 712 [1989]).

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt as to each count beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's

opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that, contrary to the defendant's contention in Point V of his supplemental pro se brief, the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Viewing the fairness of the proceeding as a whole, the defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Rivera, J.P., Florio, Miller and Austin, JJ., concur.