THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELMER PINTO, Appellant. [962 NYS2d 243]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Cacace, J.), rendered September 20, 2011, convicting him of course of sexual conduct against a child in the first degree and endangering the welfare of a child, upon a jury verdict, and sentencing him to a determinate term of imprisonment of 25 years plus a period of postrelease supervision of 15 years on the conviction of course of sexual conduct against a child in the first degree and a definite term of imprisonment of one year on the conviction of endangering the welfare of a child, to run concurrently. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed on the defendant's conviction of course of sexual conduct against a child in the first degree from a determinate term of imprison-

ment of 25 years plus a period of postrelease supervision of 15 years to a determinate term of imprisonment of 20 years plus a period of postrelease supervision of 10 years; as so modified, the judgment is affirmed.

Contrary to the defendant's contention, the County Court properly denied that branch of his omnibus motion which was to suppress his statements to law enforcement officials. A review of the totality of the circumstances (*see People v Mateo*, 2 NY3d 383, 413 [2004], *cert denied* 542 US 946 [2004]; *People v Anderson*, 42 NY2d 35, 38 [1977]) demonstrates that the defendant's statements to the police, which were given after he was informed of, and waived, his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]), were voluntarily made (*see* CPL 60.45 [1]; *People v Mateo*, 2 NY3d at 414; *People v Huntley*, 15 NY2d 72 [1965]; *People v Seabrooks*, 82 AD3d 1130, 1130-1131 [2011]). Moreover, the defendant's contention that his confession to the police was involuntary on the ground that it was induced by trickery is without merit, since there was no indication "that the deception was so fundamentally unfair as to deny due process or that a promise or threat was made that could induce a false confession" (*People v Tarsia*, 50 NY2d 1, 11 [1980] [citations omitted]; *see People v Tankleff*, 84 NY2d 992, 994 [1994]; *People v Jaeger*, 96 AD3d 1172, 1174 [2012]; *People v Gordon*, 74 AD3d 1090 [2010]; *People v Green*, 73 AD3d 805 [2010]; *People v Sanabria*, 52 AD3d 743, 744 [2008]; *People v Ingram*, 208 AD2d 561 [1994]).

The sentence imposed was excessive to the extent indicated herein (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Mastro, J.P., Angiolillo, Sgroi and Miller, JJ., concur.