■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK GELIN, Appellant. [8 NYS3d 424]—

Appeals by the defendant from (1) a judgment of the County Court, Westchester County (Zambelli, J.), rendered February 5, 2013, convicting him of endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence, and (2), a judgment of the same court (Warhit, J.), also rendered February 5, 2013, convicting him of sexual abuse in the second degree (four counts), upon a jury verdict, and imposing sentence. The

appeals bring up for review the denial, after a hearing (Zambelli, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgments are affirmed.

The defendant was accused, inter alia, of sexually abusing his 12-year-old daughter in the presence of his minor son. By Westchester County indictment No. 11-01658, the defendant was charged with rape in first degree (two counts), incest in the first degree (two counts), sexual abuse in the second degree (five counts), and endangering the welfare of a child (two counts).

The defendant's first trial ended with the defendant being found guilty of two counts of endangering the welfare of a child. The jury failed to reach a verdict with respect to the remaining nine counts of the indictment and a mistrial was declared as to those counts. After a retrial on the remaining counts, the defendant was found guilty of four counts of sexual abuse in the second degree.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdicts of guilt were not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the County Court properly denied that branch of his omnibus motion which was to suppress his statements to law enforcement officials. A review of the totality of the circumstances (*see People v Mateo*, 2 NY3d at 413; *People v Anderson*, 42 NY2d 35, 38 [1977]) demonstrates that the defendant, who voluntarily accompanied the police to the precinct, was not in custody until after he was informed of his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]; *People v Martin*, 68 AD3d 1015 [2009]; *People v Pegues*, 59 AD3d 570 [2009]; *People v Ellerbe*, 265 AD2d 569 [1999]; *People v Petrovich*, 202 AD2d 523, 524 [1994], *affd* 87 NY2d 961 [1996]), and his statements to the police, which were given after he was informed of, and waived, his *Miranda* rights, were voluntarily made (*see* CPL 60.45 [1]; *People v Mateo*, 2 NY3d at 414; *People v Huntley*, 15 NY2d 72 [1965]; *People v Seabrooks*, 82 AD3d 1130, 1130-1131 [2011]; *cf. People v Dunbar*, 104 AD3d 198 [2013], *affd* 24 NY3d 304 [2014]). Moreover,

the defendant's contention that his confession to the police was involuntary on the ground that it was induced by trickery is without merit, since there was no indication "that the deception was so fundamentally unfair as to deny due process or that a promise or threat was made that could induce a false confession" (*People v Tarsia*, 50 NY2d 1, 11 [1980] [citations omitted]; *see People v Jaeger*, 96 AD3d 1172, 1174 [2012]; *People v Gordon*, 74 AD3d 1090 [2010]; *People v Green*, 73 AD3d 805 [2010]; *People v Sanabria*, 52 AD3d 743 [2008]; *People v Ingram*, 208 AD2d 561 [1994]).

The trial court did not violate the constitutional prohibition against subjecting a criminal defendant to double jeopardy when, during the first trial, it initially decided not to instruct the jury that the allegations of corporal punishment could be considered as a basis for the two counts of endangering the welfare of a child, and then decided to give that instruction after defense counsel mentioned the allegations during his summation. A verdict of acquittal cannot be reviewed without putting a defendant twice in jeopardy, and thereby violating the Constitution (*see Martinez v Illinois*, 572 US —, —, 134 S Ct 2070, 2075-2076 [2014]). However, there is no constitutional impediment to a court's power to modify its decisions, provided such a modification does not subject an individual to double jeopardy (*see Matter of Lionel F.*, 76 NY2d 747, 749 [1990]). In this case, as the counts of endangering the welfare of a child were also predicated on allegations that the defendant sexually abused his daughter in his son's presence, the trial court's initial decision not to charge the jury that it also could consider the evidence of alleged corporal punishment as a basis for finding the defendant guilty of those counts was not tantamount to an acquittal of those charges (*see Evans v Michigan*, 568 US —, —, 133 S Ct 1069, 1074-1075 [2013]; *People v Lerner*, 128 AD2d 641 [1987]). Accordingly, the trial court was not prohibited by double jeopardy principles from revisiting and modifying its initial determination.

The defendant's remaining contentions are without merit. Skelos, J.P., Dillon, Austin and Hinds-Radix, JJ., concur.

---

Motion by the respondent to dismiss the appeals from two judgments of the County Court, Westchester County, both rendered February 5, 2013, on the ground that the defendant has absconded and is no longer available to obey the mandate of the Court. By decision and order on motion of this Court dated August 20, 2014, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is

Ordered that the motion is denied. Skelos, J.P., Dillon, Austin and Hinds-Radix, JJ., concur.