THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PABLO ARPI, Appellant. [52 NYS3d 881]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Adler, J.), rendered March 11, 2010, convicting him of course of sexual conduct against a child in the first degree and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress statements he made to the complainant's father and law enforcement officials.

Ordered that the judgment is affirmed.

The defendant was accused, inter alia, of engaging in acts of sexual conduct with a female child during the period of September 1, 2007, to January 23, 2009, when the child was less than 11 years old. The defendant and the child lived in the same apartment building, the defendant residing with the child's aunt on the second floor and the child living with her family on the first floor. At trial, the prosecution elicited testimony from the child regarding the acts of sexual conduct and from the child's parents regarding her prompt outcry. In addition, the prosecution introduced into evidence a tape recording of a telephone call arranged by the police between the defendant and the child's father, wherein the defendant acknowledged that he had kissed the child, pulled down her pants, and been on top of her. The prosecution also introduced into evidence the defendant's videotaped statement to law enforcement officials, in which, following the administration of *Miranda* rights in Spanish (*see Miranda v Arizona*, 384 US 436 [1966]), the defendant waived his rights and admitted to penetrating the child's vagina with his penis.

Contrary to the defendant's contention, the Supreme Court

properly denied those branches of his omnibus motion which were to suppress his statements to the child's father and to law enforcement officials (*see* CPL 60.45; *People v Tarsia*, 50 NY2d 1 [1980]; *People v Gelin*, 128 AD3d 717 [2015]; *People v Pinto*, 103 AD3d 921 [2013]; *People v Gordon*, 74 AD3d 1090 [2010]; *People v McCoy*, 284 AD2d 554 [2001]).

The defendant's general motion to dismiss at the close of the People's case was insufficient to preserve his contention that the evidence was legally insufficient (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel under the New York Constitution because, viewing defense counsel's performance in totality, counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Further, the defendant was not deprived of the effective assistance of counsel under the United States Constitution (*see Strickland v Washington*, 466 US 668 [1984]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Sgroi, LaSalle and Connolly, JJ., concur.