People v Edison (2018 NY Slip Op 08497)





People v Edison


2018 NY Slip Op 08497


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2016-11623
 (Ind. No. 1998/15)

[*1]The People of the State of New York, respondent,
v
Dennis Edison, appellant.


Randall D. Unger, Bayside, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Donald Berk and Brian Witthuhn of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robert A. McDonald, J.), rendered October 14, 2016, convicting him of rape in the first degree and sexual abuse in the first degree, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was hosting the complainant and her friend, both 21-year-old tourists from Germany, for several days at his home in Long Beach, after having met and made arrangements on a website called CouchSurfing.com. The complainant alleged that, on November 24, 2015, the defendant surreptitiously slipped a so-called "date-rape" drug into alcoholic drinks he served the complainant and her friend, and that a couple of hours later, as the complainant lay unconscious on the defendant's massage table, he had sexual intercourse with her, and subjected her to sexual contact. Upon regaining consciousness, the complainant had no recollection of any sexual activity. A DNA profile of sperm cells found on cervical and vaginal swabs taken from the complainant matched the defendant's DNA profile obtained from a buccal swab. At the nonjury trial, the defendant denied having drugged the complainant or her friend, testifying that he and the complainant had engaged in consensual sex, initiated by the complainant, in which she was an active participant and awake at all times.
A person is guilty of rape in the first degree or sexual abuse in the first degree, as charged here, "when he or she engages in sexual intercourse" or "when he or she subjects another person to sexual contact," respectively, where the other person "is incapable of consent by reason of being physically helpless" (Penal Law §§ 130.35[2], 130.65[2]). With respect to both offenses, a person is physically helpless if he or she is "unconscious or for any other reason is physically unable to communicate unwillingness to an act" (Penal Law § 130.00[7]; see Penal Law §§ 130.35[2], 130.65[2]; People v Sposito, 140 AD3d 1308, 1309, affd 30 NY3d 1110; People v Bjork, 105 AD3d 1258, 1260). Where a "victim's lack of consent is based solely upon his or her incapacity to consent because he or she was . . . physically helpless, it is an affirmative defense that the defendant, at the time he or she engaged in the conduct constituting the offense, did not know of the facts or conditions responsible for such incapacity to consent" (Penal Law § 130.10[1]). A defendant [*2]bears the burden of establishing such defense by a preponderance of the evidence (see Penal Law § 25.00[2]; People v Sposito, 140 AD3d at 1309; People v Bjork, 105 AD3d at 1262).
The defendant contends, inter alia, that the People failed to submit sufficient evidence to prove beyond a reasonable doubt that the complainant was unconscious when the defendant had sexual intercourse with her. He further contends that the verdict was against the weight of the evidence.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), it was insufficient to establish beyond a reasonable doubt that he drugged the alcoholic drinks he gave the complainant and her friend. We agree that the expert testimony regarding the drug was insufficient to serve as a basis for the conviction. That testimony was essentially limited to the suggestion that the drug could have caused the complainant's symptoms, and did not supply any basis for concluding that it was the cause, and there was nothing directly supporting the theory that the defendant had drugged the complainant other than that some of her symptoms were consistent with the use of the drug (see People v Blackwood, 108 AD3d 163, 175-176; cf. People v Rogers, 8 AD3d 888, 892-893). However, neither rape in the first degree nor sexual abuse in the first degree requires the victim's physical helplessness to have been caused by drugs (see Penal Law §§ 130.00[7], 130.35[2], 130.65[2]).
Whether the defendant drugged the complainant or not, the complainant's testimony that she had passed out before, and did not regain consciousness until after, the defendant subjected her to sexual intercourse provided a basis for a rational person to find beyond a reasonable doubt (see People v Bleakley, 69 NY2d 490, 495; People v Arpi, 150 AD3d 1256, 1257) that the complainant was "incapable of consent by reason of being physically helpless" (Penal Law §§ 130.35[2], 130.65[2]; see People v Chodakowski, 162 AD3d 476; People v Blackwood, 108 AD3d at 173; People v Bjork, 105 AD3d at 1260). Nor is the verdict against the weight of the evidence. "The state of the victim's physical helplessness at any given moment is largely a question of fact" (People v Teicher, 52 NY2d 638, 649; see People v Bjork, 105 AD3d at 1261). There is no basis to disturb the credibility determination of the Supreme Court, which had "the opportunity to view the witnesses, hear the testimony and observe demeanor" (People v Bleakley, 69 NY2d 490, 495; see People v Mateo, 2 NY3d at 410).
The defendant's contentions that he was deprived of a fair trial by the Supreme Court's questioning of him, and by the prosecutor's cross-examination regarding prior sexual encounters, are unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are not properly before this Court.
DILLON, J.P., ROMAN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court