People v Kaba (2019 NY Slip Op 07093)





People v Kaba


2019 NY Slip Op 07093


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2014-03676
 (Ind. No. 10167/12)

[*1]The People of the State of New York, respondent,
v Laye Kaba, appellant.


Paul Skip Laisure, New York, NY (Ronald Zapata of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Solomon Neubort of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Raymond Guzman, J.), rendered March 12, 2014, convicting him of burglary in the second degree as a sexually motivated felony, attempted rape in the first degree, sexual abuse in the first degree, and criminal obstruction of breathing or blood circulation, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Michael A. Gary, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
We agree with the Supreme Court's determination to deny that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials. The totality of the circumstances surrounding the defendant's interrogation by police demonstrates that his statements, given after he was informed of, and waived, his Miranda rights (see Miranda v Arizona, 384 US 436), were voluntarily made (see People v Mateo, 2 NY3d 383, 415-416; People v Seabrooks, 82 AD3d 1130). Contrary to the defendant's contention, the record does not demonstrate deception by the interrogating detectives that was so fundamentally unfair as to deny the defendant due process or induce a false confession (see People v Tarsia, 50 NY2d 1, 11; People v Gordon, 74 AD3d 1090; People v Green, 73 AD3d 805; cf. People v Thomas, 22 NY3d 629, 645).
The defendant contends that the Supreme Court erred in declining to reopen the suppression hearing to allow him to testify. Two weeks after the hearing had concluded, defense counsel advised on the record that the defendant wanted to reopen the hearing so as to testify regarding certain promises made to him by a detective who interrogated him. At the hearing, the detective had testified equivocally as to whether she actually made such promises. However, the record demonstrates that, for the purpose of deciding the suppression motion, the hearing court assumed that the promises had been made to the defendant. Under these circumstances, the court's determination not to reopen the hearing was not an improvident exercise of discretion (see People v Evans, 116 AD3d 879, 880).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit.
MASTRO, J.P., BALKIN, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court