People v Crocker (2020 NY Slip Op 04405)





People v Crocker


2020 NY Slip Op 04405


Decided on August 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2016-12134
 (Ind. No. 1595/14)

[*1]The People of the State of New York, respondent,
v
Latrina Crocker, appellant.


Paul Skip Laisure, New York, NY (Cynthia Colt of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Camille O'Hara Gillespie, and Michael Bierce of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ruth Shillingford, J.), rendered October 28, 2016, convicting her of manslaughter in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress her statements to law enforcement officials.
ORDERED that the judgment is affirmed.
We agree with the Supreme Court's determination denying that branch of the defendant's omnibus motion which was to suppress her statements to law enforcement officials. A review of the totality of the circumstances (see People v Anderson, 42 NY2d 35), including the duration and conditions of detention, the conduct and demeanor of the police toward the defendant, and the age, physical state, and mental state of the defendant, established that her statements to the police, which were given after she was informed of, and waived, her Miranda rights (see Miranda v Arizona, 384 US 436), were voluntarily made (see People v Pegues, 59 AD3d 570, 571-572).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of manslaughter in the first degree (Penal Law § 125.20[1]). "[A]n intoxicated person can form the requisite criminal intent to commit a crime, and it is for the trier of fact to decide if the extent of the intoxication acted to negate the element of intent" (People v Flores, 40 AD3d 876, 877; see Penal Law § 15.25). The defendant's intent to cause serious physical injury (see Penal Law § 10.00[10]) may be inferred from her conduct in stabbing the victim in the chest with a steak knife (see People v Steinberg, 79 NY2d 673, 682; People v Forde, 120 AD3d 509). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court