People v Williams (2022 NY Slip Op 03258)

People v Williams

2022 NY Slip Op 03258

Decided on May 18, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
LINDA CHRISTOPHER
LARA J. GENOVESI, JJ.

2019-04329
 (Ind. No. 1633/16)

[*1]The People of the State of New York, respondent,
v
Corey Williams, appellant.

Weddle Law PLLC, New York, NY (Brian Witthuhn of counsel), for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Tammy J. Smiley and Cristin N. Connell of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Meryl J. Berkowitz, J.), rendered April 10, 2019, convicting him of murder in the second degree (two counts), attempted murder in the second degree, robbery in the first degree (three counts), attempted robbery in the first degree, robbery in the second degree (two counts), attempted robbery in the second degree, assault in the second degree, and criminal possession of a weapon in the second degree (six counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions, of the suppression of the defendant's statements to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant was convicted, upon a jury verdict, of a total of 17 crimes, inter alia, involving 4 separate robberies and resulting in the death of 2 victims. The defendant's challenge to the Supreme Court's determination denying the suppression of his statements to law enforcement officials is only partially preserved for appellate review (see CPL 470.05[2]; People v Graham, 25 NY3d 994, 997; People v Mahoney, 165 AD3d 980; People v Sepulveda, 52 AD3d 539, 540). In any event, his challenge is without merit. A review of the totality of the circumstances (see People v Anderson, 42 NY2d 35, 38), including the age, physical state, and mental state of the defendant, established that his statements to the police, which were given after he made a knowing, intelligent, and voluntary waiver of his Miranda rights (Miranda v Arizona, 384 US 436), were voluntarily made (see People v Crocker, 186 AD3d 500, 501; People v Pegues, 59 AD3d 570, 571-572).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit.
BRATHWAITE NELSON, J.P., RIVERA, CHRISTOPHER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court