People v Shaw (2024 NY Slip Op 04214)

People v Shaw

2024 NY Slip Op 04214

Decided on August 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
CARL J. LANDICINO, JJ.

2019-14614
 (Ind. No. 1773/17)

[*1]The People of the State of New York, respondent,
v
Kenneth Shaw, appellant.

Mischel & Horn, P.C., New York, NY (Richard E. Mischel of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Nancy Fitzpatrick Talcott of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kenneth C. Holder, J.), rendered December 2, 2019, convicting him of manslaughter in the first degree, upon a jury verdict, and sentencing him to a determinate term of imprisonment of 20 years, to be followed by 5 years of postrelease supervision.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed from a determinate term of imprisonment of 20 years, to be followed by 5 years of postrelease supervision, to a determinate term of imprisonment of 10 years, to be followed by 5 years of postrelease supervision; as so modified, the judgment is affirmed.
The defendant was convicted of manslaughter in the first degree in connection with the July 2017 stabbing of John Savillo in Cookie's Lounge (hereinafter Cookie's), a bar in Queens. At trial, Diane Colucciello, an eyewitness, testified on behalf of the People that the defendant and Savillo were both regular customers at Cookie's. On the night in question, Savillo was at Cookie's with a woman named Casandra. Savillo suddenly became angry when the defendant and his girlfriend were admiring Casandra's tattoo. Savillo pushed the defendant and knocked him to the floor. According to Colucciello, the defendant got up and the two began to fight, at which point Colucciello backed away. Colucciello's son Tommy, who had been banned from Cookie's for aggressive behavior, was waiting outside of the bar and came in once the fighting began. Colucciello testified that she told Tommy to get out, pushed him out, and locked the door to the bar. Colucciello then turned her attention back to the fight and saw that Savillo had been stabbed. Colucciello, who had a felony conviction for possession of a forged instrument, admitted that she lied to the police and told them that her son was not at Cookie's that night because she wanted to protect him. Colucciello testified that Tommy ran into the bar when Savillo started the fight in order to assist Savillo. Upon turning her attention back to the fight, Colucciello testified that she saw the defendant with a knife, that he was "in tears," and that he told Savillo that he was sorry and "didn't mean it."
Paramedics arrived and found Savillo bleeding from the abdomen, with an evisceration, meaning his intestine was sticking out from a stab wound. Savillo was taken to the hospital, where he was found to be bleeding profusely from two stab wounds, one of which had such force that it lacerated his liver. Medical personnel were able to stabilize Savillo for a period of time, [*2]but he began to bleed again and eventually died from excessive bleeding. A toxicology report disclosed that Savillo had in his system, among other things, alcohol, Xanax, and cocaine, which a People's witness testified can elevate blood pressure. Savillo also told emergency medical services personnel that he had taken blood thinners and cocaine earlier that day. The police did not recover any weapons from the scene of the incident.
The defense presented the testimony of Christine DeFilippis, who had been the bartender at Cookie's on the night of the incident. DeFilippis testified that Savillo was a very good friend, but he would become angry "for silly reasons[s]" and had been in a fight in Cookie's before. She also testified that she previously had never seen the defendant act aggressively, yell, or engage in any altercation. DeFilippis confirmed Colucciello's testimony that Tommy had been banned from Cookie's because he was a "troublemaker" who "usually [wound] up fighting." DeFilippis also confirmed that the subject altercation had begun when Savillo "went a little bit out of his mind" and "got very angry and started to yell at [the defendant]." According to DeFilippis, the defendant "backed off" and apologized, at which point Tommy came running into the bar. DeFilippis began to head back to her seat behind the bar when she heard a commotion, turned, and saw Savillo shove the defendant, who stumbled to the floor. DeFilippis looked out the window for someone to help break up the fight. DeFilippis then turned her attention back to the fight, where she saw "a huddle of people" surrounding the defendant on the floor, and it appeared that Savillo was kicking the defendant. DeFilippis testified that the defendant "was getting beat up pretty bad" and that Savillo threw a bar stool at him, but that she thereafter "kind of blanked out" and did not recall much about the fight or see anyone with a knife. DeFilippis called 911 and requested an ambulance, and she testified that it was at this time that Colucciello locked the door to the bar to keep Tommy out.
The defendant contends that the People failed to establish that he intended to cause serious physical injury (see Penal Law § 125.20[1]) and failed to disprove his justification defense (see id. § 35.15). The defendant's challenge to the legal sufficiency of the evidence disproving his justification defense beyond a reasonable doubt is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to disprove the defendant's justification defense beyond a reasonable doubt (see People v Irving, 226 AD3d 703, 703; People v Green, 223 AD3d 914, 914-915). Furthermore, the defendant does not dispute that he is the person who stabbed Savillo, and the defendant's intent to cause serious physical injury (see Penal Law § 10.00[10]) may be inferred from the medical evidence regarding the nature and severity of the stab wounds (see People v Steinberg, 79 NY2d 673, 682; People v Crocker, 186 AD3d 500, 501).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Here, while an acquittal would not have been unreasonable, the verdict of guilt was not against the weight of the credible evidence (see People v Danielson, 9 NY3d at 348-349).
The sentence imposed was excessive to the extent indicated herein (see CPL 470.15[6][b]; People v Suitte, 90 AD2d 80).
BRATHWAITE NELSON, J.P., CHAMBERS, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court